UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK CLIMSTEIN, MONA CLIMSTEIN
and MALARI MATTHES,

      Plaintiffs,                            CASE NO. 07-11183

v.                                        HONORABLE DENISE PAGE HOOD

MICHAEL CHURCH and TROOPER
WOLODKIN

      Defendants.

_____/

**<u>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION *IN LIMINE* AND GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION *IN LIMINE*</u>**

**I.    INTRODUCTION**

These matters are before the Court on: (1) Plaintiffs' Motion *In Limine*, filed on November 11, 2008, and, (2) Defendants' Motion *In Limine*, filed on November 12, 2008. Both parties filed Responses in Opposition on November 14, 2008.

**II.    STATEMENT OF FACTS**

Plaintiffs filed the present action pursuant to 42 U.S.C. § 1983, alleging violation of their Fourth Amendment rights when Defendants, Michigan state troopers Michael Church and James Wolodkin, conducted a warrantless search of Plaintiffs Mona and Mark Climstein's home. On August 8, 2008, this Court denied both Plaintiffs' and Defendants' motions for summary judgment. The Court held that on February 1, 2006, Defendants had probable cause to believe that the

residence entered, 1610 Leroy Street, was in fact the residence of the subject of the arrest warrant, Andrew Matthes, Plaintiff Mona Climstein's son. Additionally, this Court found that the Defendants had failed to present sufficient evidence demonstrating that Defendants had "reasonable belief" that Mr. Matthes was in the home the day of the search. As such, a telephonic Final Pretrial Conference was held on October 20, 2008. Jury trial is set to commence on Friday, November 21, 2008 at 9:00 a.m.

## III. APPLICABLE LAW & ANALYSIS

### A. Plaintiffs' Motion *In Limine*

Plaintiffs request that this Court exclude the exhibits listed as Defense Exhibit B[1] in the Final Pretrial Order:

> Any document from the Jackson County Friend of the Court in which Mr. Matthes represented to the Court that he resided at 1610 Leroy marked at Ms. Finco's or Ms. Morris's deposition.

Plaintiffs argue that Defendant Church is improperly trying to use the documents from the Friend of the Court files, the child support records, and law enforcement reports to prove his knowledge about the residence of Andrew Matthes on the date of the search. Plaintiffs argues that Defendant must first establish that he knew about the contents of these documents prior to conducting the search of Plaintiffs' residence, otherwise the documents are irrelevant and inadmissible. Plaintiffs also argues that Defendant's report about the traffic citation he gave to Mr. Matthes in September, 2005, and Holly Finco's incident report about the events in this case should likewise be excluded, as they are inadmissible hearsay.

---

[1] These are exhibits numbered one (1) through seventeen (17) from Holly Finco's deposition.

When examining evidentiary issues, the Court must first determine if the evidence in question is relevant. Federal Rule of Evidence 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Rule 402 states that "all relevant evidence is admissible, except as otherwise provided..." and "[e]vidence which is not relevant is not admissible." Fed. R. Evid. 402. The Rules further provide that "although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.

As an initial matter, the Court agrees with Plaintiffs that all of the proposed exhibits that are dated <u>after</u> the search was conducted are irrelevant to the issues in this case which center around whether Defendants had a reasonable belief that Mr. Matthes resided at 1610 Leroy Street, and was present there on February 1, 2006. Defendants' suggestion that these documents have weight on the subject of Plaintiffs' damages, as the fact that Mr. Matthes continued to use the Climstein's address suggests that Plaintiffs were not seriously upset, is without merit. First, Defendants presume that Plaintiffs had knowledge of this fact, and even if Plaintiffs did, Plaintiffs have no control over what information Mr. Matthes was providing to the authorities/officials preparing these forms. Plaintiffs were probably not even present at the time, and in any event, some of the forms contain information that was provided by a third-party, and not Mr. Matthes. *See* Ex. 7. The following documents are not admissible:

| Ex. No.[2] | Date | Description | Custodian |
|---|---|---|---|
| 3 | 5-15-06 | Payer Information form by Matthes | Friend of Court |
| 4 | 8-16-07 | Computer Printout | Jackson Sheriff |
| 5 | 4-5-06 | Order to Show Cause/Bench Warrant Interview Sheet | Jackson Sheriff |
| 6 | 11-2-06 | Order to Show Cause/Bench Warrant Interview Form | Jackson Sheriff |
| 7 | 6-8-07 | Support Review Application[3] | Friend of the Court |
| 9 | 3-24-06 | Employment Status Disclosure | Circuit Court |
| 10 | 9-14-06 | Bench Warrant | Circuit Court |
| 12 | 1-31-07 | Address verification computer printout | Friend of the Court |
| 13 | 6-15-06 | Child Support Complaint Form | Friend of the Court |
| 14 | 4-5-06[4] | Address verification computer printout | Friend of the Court |
| 15 | 9-8-06 | Address verification computer printout | Friend of the Court |
| 16 | 4-5-06 | Address verification computer printout | Friend of the Court |

The Court now turns to the following exhibits which are dated <u>prior</u> to the date of the search of Plaintiffs' home:

| Ex. No. | Date | Description | Custodian |
|---|---|---|---|
| 1 | 1-23-06 | Order to Show Cause/Bench Warrant Interview Sheet | Jackson /Sheriff |
| 2 | 5-11-05 | Order Regarding Support | Friend of the Court |

---

[2] Exhibit Numbers correspond to exhibits introduced at Ms. Finco's deposition

[3] This application was prepared with information provided by Amanda Jackett.

[4] These are the 'action dates.' It appears that exhibits Nos. 14-16 were printed out on 8-16-07.

| 8 | 3-8-05 | Verified Statement | Friend of the Court |
| 11 | 2-1-06 | Finco's Incident Report | Friend of the Court |
| 17 | 9-23-05 | Incident Report Prepared By Trooper Church | Michigan State Police Dept. |

Plaintiffs asserts that these exhibits are inadmissible because they are hearsay and/or irrelevant. Federal Rule of Evidence 802 states that hearsay is not admissible unless an exception applies. Fed. R. Evid. 802. Hearsay is defined as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c). Defendant argues that the documents are admissible under the 'records of regularly conducted activity' exception. *See* Fed. R. Evid. 803(6). Federal Rule of Evidence 803(6) states:

> A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness . . . .

Fed. R. Evid. 803(6). Defendants fails to cite any controlling authority for the proposition that police reports or reports generated by the friend of the court fall within this exception.[5] However,

---

[5] The Court notes that Defendants do not assert these documents are admissible pursuant to Federal Rule of Evidence 803(8), which states:

> (8) **Public records and reports.** Records, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth (A) the activities of the office or agency, or (B) matters observed pursuant to duty imposed by law as to which matters there was a duty to report, excluding, however, in criminal matters observed by police officers and other law enforcement personnel, . . .

-5-

the Court finds that it does not appear Defendants are attempting to admit these documents for the truth of the matter asserted, rather Defendants are simply trying to admit them in support of Defendants' theory that their belief was reasonable that Matthes was at home the day the Plaintiffs' residence was searched. In other words, Defendants are not attempting to admit the documents for their truth, that is, to establish Matthes did live at 1610 Leroy Street on the date of the search, as such, the documents are not hearsay.

However, the Court will require the Defendants to lay a proper foundation before their admission, as in order for the collective knowledge or fellow officers' doctrine to apply, Defendants must still establish that the Friend of the Court officers who contacted Defendants for back up on February 1, 2006, conveyed the information to Defendants that Defendants now seek to introduce via the documents.

In *Collins v. Nagle*, 892 F. 2d 489 (6th Cir. 1989), the Sixth Circuit found that the plaintiffs' Fourth Amendment rights were not violated despite the fact that one of the arresting officers had not observed certain incidents occurring prior to the arrests, but had witnessed some evidence of criminal activity at the scene, just prior to making the arrest. *Id.* at 494. However, prior to the arrests, all of the officers talked among themselves. *Id.* The *Collins* court specifically held:

> Since the knowledge of the mining investigators working together on the scene and in communication with each other is mutually imputed, we do not require that every arresting officer possess all the information that, when amassed, gives rise to probable cause.

---

Fed. R. Evid. 803(8). It is unclear if records prepared in relation to a child support order would be considered criminal in nature. In any event, resolution of this issue is unnecessary, as the Court finds that Defendants are not seeking to introduce the records for the purpose of proving the truth of the matters asserted therein, as will be more fully discussed *infra*.

*Id.* at 495; *see also Watkins v. City of Highland Park*, 232 F. Supp. 2d 744 (E.D. Mich. 2002) (finding that collective knowledge of the defendant-officers supported a finding of probable cause where the plaintiff was arrested by officers, who, while not present at the scene of a 'techno' party where underage party goers were believed to be present, and apparent narcotics transactions occurred in plain view, those officers who had made these observations met with the eventual arresting officers, and reported their findings to them prior to the arrest of plaintiff. *Id.* at 749-750, 757) . Additionally, *United States v. McManus*, 560 F.2d 747 (6th Cir. 1977), is factually distinguishable from the facts of the present case. In *McManus*, the arresting officer, and the officer who witnessed the suspected drug dealer in possession of a folded newspaper, later determined to contain heroin, were working together in an undercover operation for a two day period. *Id.* at 749-51. The witnessing officer was actually an undercover police officer and the arresting officer was following in his car. *Id*. at 749.

    **B.**    **Defendants'** *Motion In Limine*

Defendants' motion seeks to prohibit Plaintiffs from introducing any evidence concerning, or relating to (a) the testimony of Plaintiff Mark Climstein about what transpired during the search of his residence and (b) the information Plaintiffs Mona Climstein and Malari Matthes provided to Mark Climstein about what transpired leading up to, and during the search of the residence. Defendants argue that such evidence is inadmissible because Mark Climstein was not present during the search, and has no first hand knowledge of what occurred, and in any event, Mr. Climstein's anticipated testimony regarding what his wife and step-daughter told him is hearsay. Lastly, Defendants argue that both Mona Climstein and Malari Matthes are Plaintiffs in this matter and there is no need to have cumulative presentation of evidence, as their testimony will merely be repeated

through Mark Climstein.

Plaintiffs counter that such evidence is admissible on the issue of damages, and falls within two exceptions to the hearsay rule, namely, Federal Rule of Evidence 803(2) or the 'excited utterance exception' and Federal Rule of Evidence 803(3) or the 'then existing mental, emotional, or physical condition' exception. Federal Rule of Evidence 803(2) states:

> **Excited utterance**. A statement relating to a starting event or condition made while the declarant was under the stress of excitement caused by the event or condition.

Fed. R. Evid. 803(2). Federal Rule of 803(3) states:

> **Then existing mental, emotional, or physical condition.** A statement of the declarant's then existing state of mind, emotion, sensation, or physical condition (such as intent, plan, motive, design, mental feeling, pain, and bodily health), but not including a statement of memory or belief to prove the fact remembered or believed unless it relates to the execution, revocation, identification, or terms of declarant's will.

It appears that Plaintiffs are correct that Ms. Climstein's conversation with her husband would fall within the purview of 803(2). However, to the extent that Plaintiffs wish to introduce testimony from Mr. Climstein that his wife was bawling, upset and hysterical, this does not appear to be hearsay in any event, rather his perceptions of what his wife was doing. Further, such testimony does not involve statements as contemplated by the rules. The Court is less inclined to find that the conversation falls within Rule 803(3) as it does not appear that Ms. Climstein made a statement regarding her then existing state of mind, but only was crying and bawling on the phone with her husband.

However, Defendants are correct that the evidence is cumulative under Federal Rule of Evidence 403, and as such, Mr. Climstein should not be allowed to recite verbatim what his wife

told him over the phone, if his testimony only repeats what she testifies occurred during the search. However, Mr. Climstein should be able to testify to the fact that his conversation with his wife upset him, as this evidence bears on the issue of his emotional distress damages. Plaintiffs have indicated in their Response that they do not oppose a limiting instruction that the evidence should only be used on the issue of damages.

**IV.    CONCLUSION**

Accordingly,

IT IS ORDERED that Plaintiffs' *Motion In Limine* [**Docket No. 24, filed on November 11, 2008**] is GRANTED IN PART AND DENIED IN PART.

IT IS FURTHER ORDERED that Defendants' *Motion In Limine* [**Docket No. 25, filed on November 12, 2008**] is GRANTED IN PART AND DENIED IN PART.

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated:  November 20, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 20, 2008, by electronic and/or ordinary mail.

S/Lisa Ware for William F. Lewis
Case Manager